# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CR-12-90-R |
| | ) | CIV-16-1066-R |
| JASQUEZ HARRIS, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Pro-Se Motion of Eligibility and Motion for Appointment of Counsel, Pursuant to the Criminal Justice Act of 1964 (18 U.S.C. § 3006A). (Doc. No. 1007). Defendant does not style the motion as one seeking relief under 28 U.S.C. § 2255, however, within the document he states that such a motion is the sole means by which he may seek a reduction of his sentence, the time for pursuing a direct appeal having expired. The Court hereby construes the motion as having been filed pursuant to 28 U.S.C. § 3582(c), denies his request for the appointment of counsel, and denies his request for reduction of sentence.

Defendant Harris pled guilty in this Court to one count of conspiracy to violate federal drug laws in violation of 21 U.S.C. § 846. For this offense, on January 15, 2013, the Court sentenced Defendant to 120-months imprisonment. Defendant did not pursue a direct appeal. Defendant now seeks relief, ostensibly pursuant to 28 U.S.C. § 2255, asserting that he is entitled to a reduction based on new guidelines set forth in Amendment

1

794 to the federal sentencing guidelines because his role in the offense was minor. In support of his contention Defendant cites to the recent decision of the Ninth Circuit in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), wherein the court applied Amendment 794 retroactively on direct appeal to a defendant who had argued at sentencing, prior to the amendment, for a reduction based on his minor role.

The Court first notes that although Mr. Harris purports to rely on § 2255, his reliance is misguided. A viable § 2255 claim must be based on a lack of jurisdiction, constitutional error, fundamental defects resulting in "a complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 84 (1979)(citations and quotations omitted). Instead, Mr. Harris is seeking the retroactive benefit of an amendment issued after he was sentenced. This type of claim must be brought as a motion under 18 U.S.C. § 3582, not as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and re-characterize the motion in order to place it within a different legal category.... They may do so in order to avoid an unnecessary dismissal, ... to avoid inappropriately stringent application of formal labeling requirements, ... or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."); *see also United States v. Henriquez–Serrano*, No. 09–3003, 2009 WL 1228248, at *1 (10th Cir. May 6, 2009) (construing pro se motion labeled as § 2255 petition as a motion to reduce sentence

under § 3582).Therefore, the court will construe his § 2255 motion as a motion for reduction pursuant to § 3582.

Furthermore, Mr. Harris is not entitled to relief under § 3582. Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guideline amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Amendment 794, which amended § 3B1.2 of the United States Sentencing Guidelines ("USSG"), took effect on November 1, 2015, after Mr. Harris's conviction became final. In general, the Court is required to use the guidelines manual in effect on the date a defendant is sentenced. *See Dorsey v. United States,* ___ U.S. ___, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). The United States Sentencing Commission may, however, specify amendments that are to be retroactively applied to all cases, including those on collateral review. *See* USSG. § 1B1.10(d) (2015) (listing retroactive guideline amendments). Section 1B1.10, which lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, does not include Amendment 794. Accordingly, Mr.

Harris's request for § 2255 relief, construed as a motion for reduction under § 3582(c)(2) pursuant to Amendment 794 has no legal validity and must be dismissed. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014). In light of this ruling, Defendant's request for appointment of counsel is DENIED.

**IT IS SO ORDERED** this 19th day of October, 2016.

*[signature]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE